**In re SULTAN CORPORATION, a Nevada corporation, Debtor.**

**CHASE MANHATTAN BANK, N.A., Appellant,**

**v.**

**SULTAN CORPORATION, Appellee.**

**BAP No. NV–87–1641.**

**Bankruptcy No. S–81–1576.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted on Nov. 18, 1987.

Decided Nov. 30, 1987.

Nile Leathan, Beckley, Singleton, DeLanoy, Jemison & List, Chtd., Las Vegas, Nev., for appellant.

Edward S. Coleman, Las Vegas, Nev., appellee.

Before ELLIOTT, VOLINN and ASHLAND, Bankruptcy Judges.

## OPINION

PER CURIAM.

Chase Manhattan Bank, N.A. (Chase) appeals from an order denying its motion to amend the order that awarded fees and expenses to Sultan Corporation's (debtor) counsel as administrative costs.

Chase's appeal was timely filed.

## ISSUE

Whether attorney's fees for postconfirmation legal services performed for the debtor's estate are compensable as administrative expenses under Bankruptcy Code section 503(b)(2).

## FACTS

The debtor, Sultan Corporation, filed a petition for relief under Chapter 11 on December 30, 1981. Chase Manhattan Bank, N.A. (Chase) prepared and introduced an amended liquidating plan confirmed by the Court on January 16, 1985 after a hearing on October 17, 1984. Upon confirmation, the property of the estate was to revest in the debtor.

The plan further provided that the proceeds of the sale of the Jockey Club properties would be used to pay administrative costs, taxes, Homeowner's Association Management fees and Chase's secured claim against the debtor. Any surplus would be paid to unsecured creditors.

Administrative costs and expenses were to be paid in cash on the effective date of the plan, defined as the date escrow would close upon the sale of the Jockey Club properties.

Chase was the successful bidder at the sale and the property was purchased for $7,400,000. Escrow closed on approximately June 4, 1986. Chase paid its own attorneys, priority tax claims and the Homeowner's Association claim but did not pay

the postconfirmation attorney's fees of the debtor.

The plan also indicated that the Court shall retain jurisdiction of the bankruptcy proceedings pursuant to Sections 105(a) and 1127 of the Bankruptcy Code for each of the following purposes:

"A.  To determine any and all objections to the allowance of claims and/or interests;

 B.  To determine any and all applications for allowance of compensation;  ...

 D.  To determine any and all controversies and disputes arising under, or in connection, with the Plan;

 E.  .To determine any and all applications, adversary proceedings, and litigated matters pending on the Confirmation Date;

 F.  To effectuate payments under, and performance of, provisions of the Plan; and

 G.  To determine such other matters and for such other purposes as may be provided for in the Order."

The debtor filed an application for attorney's fees for legal services rendered postconfirmation. The application did not request attorney's fees as an "administrative expense." Although Chase received notice of the hearing on the application, Chase did not object to the application or attend the hearing.

On April 14, 1987, the Bankruptcy Court entered an order awarding debtor's counsel, Edward S. Coleman, a Professional Law Corporation, compensation for legal services in the amount of $39,132.75 as an administrative expense and reimburseable costs in the amount of $78.60. These legal services were rendered to the debtor from May 28, 1986 until January 20, 1987.

On April 24, 1987, Chase moved to amend the order granting attorney's fees as an administrative expense. Chase did not, however, contest the reasonableness of the fees. The hearing was scheduled for May 19, 1987. At the hearing, the bankruptcy judge denied Chase's motion because the plan contemplated postconfirma-

tion legal services and in fact such legal services were rendered in furtherance of the plan. The order denying Chase's motion to amend was entered on June 2, 1987.

On June 12, 1987, Chase appealed the order of the bankruptcy court denying its motion to amend the order awarding fees and expenses to the debtor's counsel as administrative costs.

## DISCUSSION

■ Chase's appeal was timely filed. The order awarding debtor's counsel compensation for legal services was entered on April 14, 1987. On April 24, 1987, Chase timely moved to amend the order. Federal Rule of Civil Procedure 59(e), incorporated by Bankruptcy Rule 9023, extends the time for appeal to run from the date of the entry of order denying or granting the motion to amend. The order denying Chase's motion to amend was entered on June 2, 1987. An appeal to the BAP was filed on June 12, 1987.

The issue is whether attorney's fees for postconfirmation legal services performed for the debtor's estate are compensable as administrative expenses under Bankruptcy Code section 503(b)(2).

■ An award of attorney's fees shall only be disturbed if the bankruptcy court has abused its discretion or erroneously applied the law. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985).

Chase argues that postconfirmation expenses should be denied as an administrative expense priority under section 503(b) because the estate ceases to exist upon vesting in the debtor at the time of confirmation. However, postconfirmation attorney's fees are governed by section 503(b)(2) which makes no reference to the estate. Section 503(b)(2) provides that allowed administrative expenses include "... compensation and reimbursement awarded under section 330(a) ..." Similarly, the language of sections 330 and 327 do not require that the fees be incurred by the estate.

Cases denying administrative expense priority have arisen under sections 503(b)(1)(A) and (B). These cases involve

postconfirmation claims for rent, *In re Frank Meador Buick, Inc.*, 59 B.R. 787 (Bankr.W.D.Va.1986), and taxes, *In re Westholt Manufacturing, Inc.*, 20 B.R. 368, 371–72 (Bankr.D.Kan.1982), but not attorney's fees. Postconfirmation taxes and rent are controlled by the language of sections 503(b)(1)(A) and (B) which refer to "actual, necessary costs and expenses of preserving the *estate*," and "any tax incurred by the *estate*" (emphasis added).

■ Attorney's fees need not be incurred by the estate to be administrative expenses under section 503(b)(2). The Court in *In re Tri–L Corp.*, 65 B.R. 774 (Bankr.D.Utah 1986) allowed an administrative claim for postconfirmation attorney's fees of the reorganized debtor after conversion of the Chapter 11 case to a Chapter 7. The Court found that allowing the administrative claim was proper because the postconfirmation legal services were performed in aid of the consummation of the Chapter 11 plan and pursuant to the plan's directives and because the court properly retained jurisdiction. *Tri–L Corp.*, 65 B.R. at 779.

■ In the instant case, postconfirmation legal services were performed in aid of the consummation of the plan and pursuant to its directives. Because the plan's distribution to creditors was to be the result of the sale of the subject property, Judge Jones concluded that the plan contemplated that attorney's fees would be incurred on behalf of the debtor to determine the size and distribution of the sale's proceeds. Since such fees were contemplated by the plan, the fees must be administrative expenses. Furthermore, there is no dispute as to the reasonableness of the fees. Thus, there is no evidence that Judge Jones has abused his discretion and the judgment must be affirmed. *Nucorp Energy*, 764 F.2d at 657.

Chase argues that the legislative history behind sections 503, 330 and 327 indicate that all administrative expenses must be incurred by the estate, not by the reorganized debtor. However, resort to legislative history is unnecessary where language is unambiguous. *Valentine v. Mobil Oil Corp.*, 789 F.2d 1388, 1391 (9th Cir.1986). *See United States v. Missouri Pac. R.R.*, 278 U.S. 269, 278, 49 S.Ct. 133, 136, 73 L.Ed. 322 (1929).

Here, the statutory language in sections 503(b)(2), 330 and 327 does not mention that the fees must only be incurred by the estate and not by the reorganized debtor. Furthermore, Congress seems to understand how to prevent expenses of the reorganized debtor from gaining administrative expense status since sections 503(b)(1)(A) and (B) contain specific language that require the administrative expense to be incurred by the estate.

■ The bankruptcy court properly retained jurisdiction under the plan to determine administrative expenses postconfirmation. The confirmation of a Chapter 11 plan does not automatically terminate the jurisdiction of the bankruptcy court. *Tri–L Corp.*, 65 B.R. at 778. Here, the reservation of jurisdiction was necessary for the successful consummation of the plan. The postconfirmation legal services were performed in aid of the consummation of the plan and pursuant to its directives. It is undisputed that the legal fees were reasonable. The court must retain some jurisdiction after confirmation to ensure that the plan is properly consummated. *Tri–L Corp.*, 65 B.R. at 779.

Requests for sanctions by both parties are denied since there has been no adequate showing of bad faith under Bankruptcy Rule 9011.

## CONCLUSION

The bankruptcy judge did not abuse his discretion in determining that attorney's fees incurred postconfirmation were an administrative expense under Bankruptcy Code section 503(b)(2) and therefore the judgment is affirmed.