In re JEWELCOR INCORPORATED, Jewelcor Jewelers and Distributors, Inc., Gruen Marketing Corporation, Osaka Trading Company, Gruen Precision, Inc., Showroom Realty Co., Inc., Catalog Realty Co., Inc., S.H. Holdings, Inc., JC Acquisition Corp., Just Watches, Ltd., Robert J. Tabakow, Inc., Guildcraft Precision, Ltd., Panther Manufacturing, Ltd., LT, Inc., and JJ & D Realty Co., Inc., Debtors-in-Possession.

GRUEN MARKETING CORPORATION as successor-in-interest to Gruen Marketing Corporation, debtor-in-possession, Gruen Precision, Inc., debtor-in-possession, and, Panther Manufacturing, Ltd., debtor-in-possession, Plaintiffs,

v.

ASIA COMMERCIAL COMPANY, LTD., Defendant.

Bankruptcy Nos. 1–91–00140 to 1–91–00154.
Adv. No. 5–92–0029.

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 28, 1992.

Robert Spielman, Wilkes–Barre, PA, for Gruen Marketing Corp./plaintiffs.

Marc W. Witzig, Harrisburg, PA, Breed, Abbott & Morgan, New York City, for Asia/defendant.

OPINION

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a Motion of the Defendant, Asia Commercial Company, Ltd. (hereinafter "Asia") seeking an Order under Bankruptcy Rule 7012(b)(1) to dismiss the underlying adversary proceeding for lack of subject matter jurisdiction. This matter was initiated by a Complaint of Gruen Marketing Corporation as successor-in-interest to Gruen Marketing Corporation Debtor-in-possession, Gruen Precision, Inc. and Panther Manufacturing, Ltd. (hereinafter "Plaintiff") alleging various trademark infringement allegations and common law unfair competition allegations, to name a

few. For the reasons provided herein, the complaint initiating this proceeding will be dismissed on jurisdictional grounds without prejudice because this Court does not retain post-confirmation jurisdiction to render a decision in this adversary.

### Factual and Procedural History

In addition to the facts set forth herein, we direct the parties attention to an earlier decision of this Court filed and dated November 2, 1992, wherein the Court ordered distribution to Asia in the Panther Manufacturing, Ltd. case as compelled by the approved amended plan of reorganization. (See *In re Jewelcor Incorporated et al*, 150 B.R. 576 (Bkrtcy.M.D.Pa.1992)) A brief summary of the facts surrounding the Court's earlier decision in addition to those necessary to the instant determination will be helpful.

In April of 1991, a joint amended reorganization plan filed by the Debtors was approved by this Court. Following subsequent litigation and on December 5, 1991, this Court, through The Honorable Robert J. Woodside, entered an Order directing Panther Manufacturing, Ltd. to make payment of Asia's claim because that payment was compelled by the terms of the plan. Neither the Debtor nor any other party in interest appealed the December 5, 1991 order. Thereafter, in January of 1992, Asia filed a Motion with this Court again seeking, inter alia, payment of its claim together with a request to find the Debtor in contempt and for attorneys' fees. This Court found that the December 5, 1991 order was case determinative and that it was a final order which was not appealed by the Debtor or any other party in interest.

During the course of that litigation and particularly in its amended answer to Asia's Motion, the Debtor indicated that it (the pleadings and argument submitted by the Debtor are unclear whether the cause of action passed to the successor-in-interest) had a possible future setoff amounting to both a pre- and post petition claim against Asia. On page 579 and 580 of this Court's November 2 opinion/order we wrote the following concerning the Debtors' claim of a possible setoff:

The debtors also assert that they did not pay Asia's claim because they recently determined that they have a setoff amounting to both a pre- and post-petition claim against Asia. This position continues that the facts surrounding the setoff were only recently made available to the debtors and if the debtors had prior knowledge of these facts the setoff claim against Asia would have been disclosed in the disclosure statement and dealt with in the plan of reorganization. In support of this position, the debtors presented the Court with unsubstantiated allegations of this trademark infringement which is the basis of the setoff. No other support, through case law or otherwise, was presented to compel this Court to accept debtors' position that it is not responsible to pay Asia's claim now because of a possible setoff based upon a tentative success in a trademark infringement case filed well after the confirmation of the plan and the order which is the subject of this motion. Setoff, as contemplated by the Code in § 553, is not mandatory but rests within the discretion of the Court applying equitable principles and only after the Court finds that all the requirements of a setoff have been met. See *In re Cabrillo*, 101 B.R. 443, 448 n. 3 (Bkrtcy.E.D.Pa.1989). This Court simply will not permit Asia's claim to remain in cold storage until the outcome of the trademark infringement litigation commenced against Asia. It has been approximately a year and one half since the confirmation of this Chapter 11 plan and Asia should not be required to wait any longer for payment of its claim.

In April of 1992, Plaintiff filed the instant adversary Complaint which, inter alia, raises a number of trademark infringement claims and related common law unfair competition claims and other contract claims including fraud and dilution. In all of the claims, the Plaintiff indicates that jurisdiction is based upon Asia's submission to this Court's jurisdiction because of its filing of a proof of claim in the above-captioned bankruptcy. The plaintiff as-

serts that case law has repeatedly held that counterclaims by debtors against creditors who have filed proofs of claims are core proceedings in which the bankruptcy court has subject matter jurisdiction. See Plaintiff's Brief at Page 4. Plaintiff's Brief leaves this Court only to speculate that the Plaintiff attempts to articulate that the instant Complaint is a counter-claim to the claim litigation resolved by a final non-appealable order entered by this Court on December 5, 1991.

Asia responds to the instant Complaint with a Motion to Dismiss for lack of subject matter jurisdiction. Asia argues that the subject matter of the instant proceeding falls outside of the four limited purposes for which the Court retained post-confirmation jurisdiction as enumerated in Article 28 of the confirmed plan. Asia stresses that this adversary Complaint alleging Federal and Common Law trademark infringement was filed over a year after confirmation of the Chapter 11 Plan. Further, based upon the dictates of 11 U.S.C. § 1141(b) and the specific terms of the plan of confirmation this Court does not have post-confirmation jurisdiction to hear and determine the subject matter of the instant case.

## DISCUSSION

Article 28 of the confirmed plan (retention of jurisdiction) reads in its entirety as follows:

### · Article 28

### Retention of Jurisdiction

The Bankruptcy Court shall only retain jurisdiction for the following limited purposes:

(a) To hear and determine any objections to Administration Expenses or to Claims filed, both before and after the Confirmation Date, and to allow or disallow any Administration Expense or Claim that is subject to a dispute in whole or in part;

(b) To hear and determine all applications for compensation and reimbursement of expenses of professionals under sections 330 and 331 of the Bankruptcy Code;

(c) To enter any order in furtherance of the Confirmation Order; and,

(d) To enter a final decree closing the Reorganization Cases.

Initially, we note that the Plaintiff is not one of the original Debtors–In–Possession but rather is an entity originally known as Acquisition Entity II which purchased assets of the Debtors–In–Possession which assets included the right to use the name of Gruen Marketing Corporation. Asia is a pre-petition creditor which has voted in favor of confirmation of the amended plan and has successfully obtained a final order in December of 1991 directing the reorganized Debtor to pay its claim as dictated by the plan.

In support of Asia's position it directs our attention to the case of *In re Greenley Energy Holdings of Pennsylvania* found at 110 B.R. 173 (Bkrtcy.E.D.Pa.1990), a case in which this Court finds much guidance when considering this Court's retention of post-confirmation jurisdiction to hear the instant Complaint and this Court's post-confirmation jurisdiction generally. The *Greenley* Court at Page 180 writes the following:

There is no doubt that the bankruptcy court's jurisdiction continues post confirmation to "protect its confirmation decree, to prevent interference with the execution of the plan and to aid otherwise in its operation." *Id.*, quoting *In re Dilbert's Quality Supermarkets, Inc.*, 368 F.2d 922, 924 (2d Cir.1966). *See also* 11 U.S.C. § 1142; and [*In re*] *Almarc* [*Corp.*], *supra*, 94 B.R. [361] at 363–65.

However, courts have attempted to balance the need to retain jurisdiction post-confirmation with the need to end the reorganization process at some point.... A confirming court's jurisdiction is limited to matters concerning the operation of the plan. *Citing Hall's Motor Transit*, 889 F.2d 520 (3rd Cir.1989); *In re Goodman*, 809 F.2d 228, 232 (4th Cir.1987); *In re Sultan Corp.*, 81 B.R. 599, 602 (9th Cir.BAP 1987).

Further, on Page 181, the *Greenley Court,* addressing jurisdiction as retained by the Court through a plan comments that a "reservation of jurisdiction in the plan or confirmation order 'beyond what is necessary to effectuate the plan of reorganization is beyond the power of the Court'". *Citing In re Tri–L Corp.*, 65 B.R. 774, 779 (Bankr.D.Utah 1986). *See also Claybrook Drilling Co. v. Divanco*, 336 F.2d 697, 700–01 (10th Cir.1964); *Reese v. Beacon Hotel Corp*, 149 F.2d 610, 611 (2d Cir.1945); *In re Flatbush Ave—Hevins St. Corp.*, 133 F.2d 760, 762 (2d Cir.1943); and *Almarc*, 94 B.R. at 365–66.

Finally, citing *J.M. Fields*, 26 B.R. 852 (S.D.N.Y.1983), the Court provides the following:

The Bankruptcy Court's post-confirmation authority is restricted to only those matters pending at the time of confirmation. This grant is not one which keeps the debtor corporation in "permanent tutelage" to the Court, subject to Court supervision and control over all aspects of corporate conduct. *Claybrook Drilling Co. v. Divanco, Inc.*, 336 F.2d 697, 701 (10th Cir.1964).

This Court finds the principles of law and the case law cited in support of those principles found in the *Greenley Energy Holdings of Pennsylvania* case, supra, to be persuasive. This Court further finds the arguments advanced by Asia addressing the particular facts of this case to be persuasive.

Nonetheless, we will now address those arguments advanced by the Plaintiff. The Plaintiff hinges its whole position on its argument that under the holding of *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), Asia subjected itself to the Bankruptcy Court's equitable powers and its jurisdiction when it filed a proof of claim. That contention, by itself, has neither been contested by Asia nor rejected by this Court. The Plaintiff's argument continues that the instant adversary is actually a counterclaim to the Proof of Claim filed by Asia. Furthermore, Plaintiff argues that this counterclaim is a core proceeding over which the Bankruptcy Court has subject matter jurisdiction. Once again the merits of that legal argument is neither contested by Asia nor rejected by this Court. However, the Plaintiff's argument fails to account for the fact that this alleged counterclaim, in the form of an adversary complaint, is to a proof of claim, which proof of claim and its subsequent distribution was the subject of a final non-appealed order entered by the Bankruptcy Court on December 5, 1991. Procedurally, the instant adversary Complaint is not, nor can it affect a counterclaim against the proof of claim filed by Asia. But this is much more than a matter of form over substance. The proof of claim was subject to extensive litigation and was subject to a final order which was not appealed. A Counterclaim, if the Plaintiff had the basis to assert one, should have been made as part of the claim litigation finalized in December of 1991.

Secondly, following the guidance of the *Greenley* case, we now look to the specific terms of the plan of reorganization to determine the extent of jurisdiction which this Court could rightfully, within the bounds of the law, retain. This Court has reviewed the provisions of the plan, and the instant adversary Complaint is not one which would fall within the Court's post-confirmation jurisdiction. The Plaintiff argues that should it be successful in its counterclaim against Asia then those monies would be made available to pre-petition Creditors and would effect a greater distribution to those creditors under the terms of the plan. This Court can contemplate a number of scenarios occurring after the confirmation of this Chapter 11 plan which could have a positive effect on the successor to the Plaintiff's general economic well-being and, which in theory, could be passed along to the pre-petition creditors. However, as in the *Greenley* case, this Court is of the opinion that the time has come to separate the cord that binds this reorganized successor-in-interest, the above-captioned Plaintiff from the Bankruptcy Court jurisdiction.

This Court, based on the foregoing, determines that it does not have subject mat-

ter jurisdiction over the instant Complaint. Consequently, this Court will not address a number of related issues such as the request for jury trial in this matter, the mandatory versus permissive abstention and a related motion requesting that the instant motion be deemed as unopposed by the creditor. The instant controversy simply does not affect the consummation of the plan or any of the other related incidences of jurisdiction retained by the terms of the plan of reorganization.

Plaintiff's arguments that the instant litigation is a counterclaim to claim litigation initiated by Asia and that Asia's filing a proof of claim subjected Asia to this Court's jurisdiction, are not persuasive and are rejected. Likewise, of no avail to Plaintiff's position are its arguments that Gruen has no available forum in the United States to prosecute its Complaint, that it will need to commence the action in Hong Kong at great expense and cost, and that the Hong Kong Court system is overburdened and operates at a very slow pace. These arguments neither overcome the jurisdictional issue successfully raised and argued by Asia nor do they compel this Court to exercise any of its equitable powers to dismiss the instant Motion and move on to the merits of the arguments of the underlying complaint.

Like the *Greenley* court decision we conclude that the instant Complaint is dismissed without prejudice. This disposition is not on the merits.

### ORDER

And now, this 28th day of December, 1992, it is hereby ORDERED that the instant Complaint is dismissed for lack of subject matter jurisdiction without prejudice and that the instant decision is not a disposition on the merits.