In re EASTLAND PARTNERS LIMITED PARTNERSHIP, a Michigan limited partnership, Debtor.

EASTLAND PARTNERS LIMITED PARTNERSHIP, a Michigan limited partnership; Eastland Properties Limited Partnership, a Michigan limited partnership; Samuel Walker, III; Ralph Tennant; Laurance Rybacki; Paul Robertson, Jr., as Trustee of Paul Robertson, Jr. Revocable Trust; Alfred Loewenstein, Trustee of the Alfred Loewenstein Trust; Albert Lopatin; Norman R. LePage and Bonnie LePage; Frederick Z. Herr, Trustee, Frederick Herr Trust; Timothy L. Hennessey and Anne C. Hennessey; Robert Galacz; Frank A. DiPietro Living Trust; Beck C. Demery, Trustee, Beck C. Demery Trust; and Lorraine Lerner Revocable Living Trust, Lorraine Lerner and Leonard Lerner, Trustees, Plaintiffs,

v.

Anthony Steven BROWN, Individually; ASB Asset Management Inc., a Michigan corporation; Anthony S. Brown Development Company, Inc.; Village Green Management Co., Inc., a Michigan corporation; Property Management Group, Inc., a Michigan corporation; Robert M. Stillings, Jr., Individually, and Geoff Hockman, Individually, Jointly and Severally, Defendants.

Bankruptcy No. 91–03149–R.
Adv. No. 96–4091–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Aug. 29, 1996.

Meyer Morganroth, Southfield, Michigan, Scott Rooney, Detroit, Michigan, Larry Sharp, Linden, Michigan, for Plaintiffs.

Michael Leib, Southfield, Michigan, Cynthia Thomas, Detroit, Michigan, Kimberly Denewith, Clinton Township, Michigan, for Defendants.

### SUPPLEMENTAL OPINION REGARDING JURISDICTION

STEVEN W. RHODES, Chief Judge.

In this adversary proceeding brought by a former chapter 11 debtor and others post-

confirmation alleging various state law claims, the issue is whether the Court has subject matter jurisdiction.

## I.

Plaintiff Eastland Partners Limited Partnership is owned by JAM Associates, the general partner, and Eastland Properties Limited Partnership. JAM is a co-partnership owned equally by defendant Anthony Steven Brown and Eric Yale Lutz. Eastland Properties is owned by 35 individual limited partners, some of whom are defendants here, and JAM, the general partner.

The plaintiffs owned an apartment complex known as Eastland Village Apartments. Pursuant to a June 20, 1989 agreement with Eastland Properties, defendant ASB Asset Management, Inc. was the managing agent of the property. ASB Asset in turn hired defendant Village Green to perform its management obligations. Village Green managed the apartment complex from May, 1990 through December, 1994.

Eastland Partners filed for relief under chapter 11 in 1991. A plan of reorganization was confirmed in April of 1992 and modified in May of 1992. Subsequently, the chapter 11 case was closed.

In October of 1994, the partnerships and limited partners, plaintiffs here, sued these same defendants for breach of contract, breach of fiduciary duties, conversion, and negligence in Oakland County Circuit Court. The defendants moved for summary disposition there on the basis that the plaintiffs' claims arose out of violations of the plan of reorganization, arguing that the Bankruptcy Court has exclusive jurisdiction over any and all actions brought by the limited partners and partnerships.

The state court agreed with this argument. In its ruling on the matter, the state court judge stated:

In re Shepp's [Schepps] Food Stores, Inc., 160 B.R. 792 ( [Bkrtcy.S.D.Tex.]1992) [1993] held that a state suit by shareholders against debtor directors was an improper attempt to interfere with a plan of reorganization. A proceeding need only be related to a Chapter Eleven case to fall within bankruptcy jurisdiction. In matters related to a bankruptcy case, if the outcome of the bank—if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Sanders Confectionery Products, Inc. v. Heller Financial, 973 F.2d 476 [474] [ (6th Cir.1992) ]. 11 U.S.C. Section 541(a) defines property of the estate to include:

Proceeds, products, offspring rents or products from property of the estate, any interest in property that the estate acquires after the commencement of the action.

Defendant argues that if the funds acquired by Eastland Partners is subject to the plan, that they are funds that are clearly part of the estate. Therefore, the Bankruptcy Court has exclusive jurisdiction.

Plaintiff argues that the Court has jurisdiction because they claim state claims under the state law against the Defendant who is not a bankruptcy debtor, and any decision in this Court will have no effect on the bankruptcy estate. Plaintiffs argue their complaint and breach of contract under state law and under state tort claim. Plaintiffs argue that any analysis of the Bankruptcy Court order is unnecessary and irrelevant to the core allegations in the complaints. Plaintiffs further argue under applicable state law and the partnership agreement itself, where the essential purpose of the partner is no longer in existence, the partnership is automatically dissolved. If any winding up or dissolution proceedings are necessary, these are state court proceedings, rather than Bankruptcy Court proceedings. Plaintiffs claim that a state court claim may proceed where the outcome will have no, or only a slight affect, upon the bankruptcy estate. In re Petrolia Corp., [79 B.R. 686 (Bankr. E.D.Mich.1987).] ...

. . . . .

Okay. The Court is going to grant Defendant's motion on summary disposition on lack of subject matter jurisdiction, as the plan provides that the Bankruptcy Court shall have jurisdiction for the pur-

poses, including determination of all questions and disputes regarding title to assets of the estate, and the determination of all causes of action, controversy, disputes or conflicts, whether or not subject to action pending confirmation sale between the debtor and any other party, as well as the enforcement and interpretation of the terms and conditions of the plan.

Transcript of Motion Proceedings before Hon. Barry L. Howard, Oakland County Circuit Court, Oct. 12, 1995, at 9–11.

Accordingly, the plaintiffs filed the present adversary on January 29, 1996. The complaint contains five counts, seeking damages in excess of $778,000. Count I, against Brown, asserts claims of breach of fiduciary duty, misappropriation, fraud, and willful misrepresentation. Count II asserts a claim of defalcation against Brown and Village Green for failing to account for rents from the apartment complex. Count III, against Brown, ASB Asset, and Anthony S. Brown Development Company, Inc., asserts claims of breach of fiduciary duty. Count IV contains claims for breach of contract, defalcation, negligence, and violation of court order against Village Green. Count V contains claims for breach of fiduciary duty against Property Management Group, Inc., Robert M. Stillings, Jr. and Geoff Hockman.

The plaintiffs essentially allege that significant provisions in the plan were violated, including provisions for paying certain creditors first and keeping certain funds in escrow. The plaintiffs contend that Brown and his related companies embezzled more than $775,000 from the debtor partnership. These funds should have been used to fund the reorganization. When a secured creditor did not receive payments from the reorganized debtor, it foreclosed upon the apartment complex property.

The issue of subject matter jurisdiction over this adversary was raised by the Court in a pre-trial conference on April 12, 1996. The parties were given an opportunity to brief the issue and a hearing was held on May 6, 1996. At the hearing, the Court concluded that it did not have subject matter jurisdiction and dismissed the adversary.

This written opinion supplements that bench decision.

## II.

 This Court is a court of limited jurisdiction. The bankruptcy court derives jurisdiction from the district court. 28 U.S.C. § 157(a), (b)(1). The district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The present adversary proceeding is neither a case arising under title 11 (which involves a cause of action created by title 11), nor a case arising in title 11 (a sort of residual category of civil proceedings which includes administrative matters, motions to turnover property of the estate, and determinations of the validity, extent, and priority of liens). *See* 1 *Collier on Bankruptcy* ¶ 3.01[1][c][iii], [v] at 3–26, 3–32 (Lawrence P. King ed., 15th ed. 1996). Thus, the question is whether this proceeding is "related to" a case under title 11. "Related to" proceedings have been described as

> those which (1) involve causes of action owned by the debtor that became property of the estate under [11 U.S.C.] § 541, and (2) are suits between third parties which "in the absence of bankruptcy, could have been brought in a district court or state court" and whose outcome could conceivably have an effect on the bankruptcy estate.

*Ibid.* ¶ 3.01[1][c][iv], at 3–28–29. Similarly, the Sixth Circuit has concluded that bankruptcy court jurisdiction over a proceeding exists "if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Sanders Confectionery Prod. v. Heller Fin.*, 973 F.2d 474, 482 (6th Cir.1992) (*quoting In re Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir.1991)). *See also In re Salem Mortgage*, 783 F.2d 626, 634 (6th Cir.1986); *8300 Newburgh Rd. Partnership v. Time Constr., Inc. (In re Time Constr., Inc.)*, 43 F.3d 1041, 1045 (6th Cir.1995).

Additionally, the status of the bankruptcy case figures prominently in determining bankruptcy court jurisdiction. Following confirmation of a chapter 11 debtor's plan, a

bankruptcy court has a fairly narrow jurisdiction. Post-confirmation, the Court's role is "limited to matters involving the execution, implementation, or interpretation of the plan's provisions, and to disputes requiring the application of bankruptcy law." *Zahn Assocs., Inc. v. Leeds Bldg. Prod., Inc. (In re Leeds Bldg. Prod., Inc.)*, 160 B.R. 689, 691 (Bankr.N.D.Ga.1993) (*citing Goodman v. Phillip R. Curtis Enter. (In re Goodman )*, 809 F.2d 228, 233 (4th Cir.1987); *Pioneer Inv. Servs. Co. v. Cain Partnership, Ltd. (In re Pioneer Inv. Servs. Co.)*, 141 B.R. 635, 640 (Bankr.E.D.Tenn.1992); *A.R.E. Mfg. Co. v. United States (In re A.R.E. Mfg. Co.)*, 138 B.R. 996, 998–99 (Bankr.M.D.Fla.1992); *Official Unsecured Creditors' Comm. v. Siskind (In re Erie Hilton Joint Venture )*, 137 B.R. 165, 170 (Bankr.W.D.Pa.1992); and *Service Decorating Co. v. Travelers Ins. Co. (In re Service Decorating Co.)*, 105 B.R. 859, 861 (N.D.Ill.1989)).

■ Post-confirmation state law claims, such as those brought by the plaintiffs here, are generally not within the bankruptcy court's jurisdiction, even when, as here, the conduct giving rise to the state law claims or causes of action has interfered or could potentially interfere with the reorganized debtor's ability to carry out its obligations under the plan. *H & L Developers, Inc. v. Arvida/JMB Partners (In re H & L Developers, Inc.)*, 178 B.R. 71, 76 (Bankr.E.D.Pa.1994) (Court did not have jurisdiction over debtor's post-confirmation action against vendor and broker alleging various state law claims including breach of contract, tort and fraud); *Grimes v. Graue (In re Haws )*, 158 B.R. 965, 971 (Bankr.S.D.Tex.1993) (Post-confirmation adversary brought by debtor alleging state law claims including breach of fiduciary duty, breach of contract, constructive fraud, conversion, constructive trust and unjust enrichment not "related to" bankruptcy case); *Coastal Petroleum Corp. v. Second Medina Corp. (In re Coastal Petroleum Corp.)*, 142 B.R. 177, 180–81 (Bankr.N.D.Ohio 1992) (Debtor's post-confirmation adversary for breach of contract and conversion dismissed for lack of jurisdiction); *Finkelstein v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 127 B.R. 800 (S.D.Tex.1991) (No jurisdiction over royalty owner's post-confirmation suit against debtor for breach of duty regarding post-confirmation settlement of a gas purchase contract); *Gruen Mktg. Corp. v. Asia Commercial Co., Ltd. (In re Jewelcor Inc.)*, 150 B.R. 580 (Bankr.M.D.Pa.1992) (Court lacked jurisdiction over post-confirmation adversary alleging trademark infringement by debtor's successor; rejecting argument by plaintiff that adversary constituted counterclaim to previously adjudicated proof of claim); *Central States, S.E. & S.W. Areas Pension Fund v. J.T. Gerken Trucking, Inc. (In re J.T. Gerken Trucking, Inc.)*, 10 B.R. 203 (Bankr.N.D.Ohio 1981) (Post-confirmation dispute over collective bargaining agreement affirmed as part of debtor's plan dismissed for lack of jurisdiction over argument that debtor's breach of the collective bargaining agreement constituted a default under the plan). *C.f., Petrolia Corp. v. Elam (In re Petrolia Corp.)*, 79 B.R. 686, 688–89 (Bankr. E.D.Mich.1987) (Concluding that the outcome of plaintiff's claims for malpractice, negligence, breach of contract, unjust enrichment, and violation of federal securities law would have no effect on pending bankruptcy estate, thus no "related to" jurisdiction); *In re Ernst*, 45 B.R. 700, 702–704 (Bankr.D.Minn. 1985) (Court refused to enjoin creditor from foreclosing mortgage in state court due to debtor's default under confirmed plan; rejecting argument that debtor needed to recover equity in property to fulfill terms of plan).

The reasoning behind these cases is that Congress did not intend, when it allowed bankruptcy courts to have jurisdiction over post-confirmation disputes that could conceivably affect implementation of the plan, that bankruptcy courts would retain jurisdiction over *any* dispute involving a reorganized debtor performing under a confirmed plan. *See H & L Developers*, 178 B.R. at 76. "Indeed, such an interpretation seems directly at odds with the goal of weaning the debtor from dependence on the bankruptcy court in order to stand on its own feet with respect to post-confirmation matters." *Id.* (*citing Pennsylvania Companies, Inc. v. Stone (In re Greenley Energy Holdings of Pennsylvania, Inc.)*, 110 B.R. 173, 183 (Bankr.E.D.Pa.

1990); *In re Morgan & Morgan, Inc.,* 24 B.R. 518, 521 (Bankr.S.D.N.Y.1982)). *See also Gerken Trucking,* 10 B.R. at 205 ("[T]here is nothing in the Bankruptcy Act to indicate that the Court retains jurisdiction of the debtor for the purpose of disposing of any controversy which might arise between the debtor and third parties relating to matters other than the plan of reorganization itself."); *Jewelcor,* 150 B.R. at 583 (Where the court stated that it could "contemplate a number of scenarios occurring after the confirmation of this chapter 11 plan which *could have* a positive effect on the successor to the debtor's general economic well-being and, which in theory, could be passed along to pre-petition creditors."); *TransAmerican Natural Gas,* 127 B.R. at 804 (Rejecting the argument by defendant-debtor that post-confirmation jurisdiction was appropriate because if plaintiff succeeded in adversary and received a large judgment in its favor the debtor would be unable to meet its obligations to creditors under the plan; "[b]y such reasoning every future breach of contract by [the debtor], no matter how unrelated to its former bankruptcy estate, could arguably be drawn into federal court as affecting its liquidity.").

 The test for post-confirmation jurisdiction is specifically limited to matters traceable to the bankruptcy estate, as it exists at confirmation. Post-confirmation, there is no longer a bankruptcy estate. Property of the estate vests in the reorganized debtor upon confirmation. 11 U.S.C. § 1141(b). That is exactly what happened here. Debtor's First Amended Plan of Reorganization, Art. IX. Further, the causes of action asserted by the plaintiffs were never property of the Eastland Partners bankruptcy estate because they did not exist at the time of the bankruptcy, but arose post-confirmation. Moreover, there is no provision in the Eastland Partners plan which would require the reorganized debtor to use its portion of whatever proceeds may be recovered in this lawsuit for the benefit of creditors, as a plan might conceivably require. It is clear then that even if the outcome of this adversary proceeding is in the plaintiffs' favor, there would be no property recovered which the Court could conceivably have authority to administer. *See Haws,* 158 B.R. at 970–71 ("Assets such as the lawsuit embodied in this adversary that are not drawn into the plan are vested with the debtor upon confirmation, and matters concerning the disposition of these non-plan assets do not affect the implementation or execution of the plan.") (*citing Goodman,* 809 F.2d at 232). *Accord, Coastal Petroleum,* 142 B.R. at 179.

Thus, the existence of the plaintiffs' claims at the present time can have no conceivable effect on the former bankruptcy estate of Eastland Partners.

Similarly, the Court does not have jurisdiction under 28 U.S.C. § 1334(e), which provides for "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and the property of the estate."

### III.

The state court was apparently under the impression that this Court has exclusive jurisdiction over these claims, relying on the jurisdictional provision of the debtor's plan. The state court was particularly persuaded by the following provisions in the plan:

Until the Effective Date, the Debtor shall remain subject to this proceeding under chapter 11 of the Bankruptcy Code and the Bankruptcy Court shall retain its jurisdiction therein. Thereafter, the Bankruptcy Court shall retain jurisdiction for the following purposes:

C. Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other party.

F. Enforcement and interpretation of the terms and conditions of this plan.

Debtor's First Amended Plan of Reorganization, Art. XI, ¶¶ C, F.

Plainly, this dispute does not concern the enforcement or interpretation of any term or condition of the debtor's plan as the plaintiffs' claims are not part of the plan. Additionally, as discussed above, the plaintiffs'

claims are not property of the bankruptcy estate, which in any case would have vested in the debtor upon confirmation. Further, despite the broad language in the debtor's plan, this Court clearly does not have jurisdiction over *all* causes of action between the debtor and any other party, "whether or not subject to action pending as of the Confirmation Date." "[P]ost-confirmation jurisdiction exists by reason of the plain text of § 1334(b), not because of a provision of the confirmed plan or an order of the court". 1 William L. Norton, Jr., *Norton Bankr.Law & Prac.*2d § 4:43 (1995).

### IV.

Accordingly, for all of the foregoing reasons, the Court holds that it lacks jurisdiction over this adversary proceeding. This conclusion is not intended to foreclose the plaintiffs from seeking recovery in a court of competent jurisdiction.