## In re GULF COAST ORTHOPEDIC CENTER, INC., Debtor.

### No. 96–14739–8P1.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

June 3, 2002.

Paul J. Battista, Miami, FL, for debtor.

Susan K. Woodard, St. Petersburg, FL, trustee.

John K. Olson, Tampa, FL, for trustee.

Marsha Griffin Rydberg, Tampa, FL, for movant.

Jerry M. Markowitz, Miami, FL, for Alfred O. Bonati, M.D.

Michael P. Horan, Tampa, FL, for non-debtor Corporations.

Gary W. Roberts, West Palm Beach, FL, Assistant United States Trustee, Tampa, FL, for Administrative Expense Claimants.

*ORDER ON SUPPLEMENTAL APPLICATION FOR ALLOWANCE OF PROFESSIONAL FEES AND EXPENSES*

ALEXANDER L. PASKAY, Chief Judge.

This is a confirmed chapter 11 case and the matters under consideration are the following: (1) Supplemental Application for Allowance of Professional Fees and Expenses (Doc. No. 1498) and (2) an Amended Supplemental Application for Fees and Expenses (Doc. No. 1517). Both Applications are filed by Marsha G. Rydberg (Ms. Rydberg), counsel for various malpractice claimants (Malpractice Claimants), who and creditors of the debtor, Gulf Coast Orthopedic Center, Inc. (Debtor).

The Supplemental Application (Doc. No. 1498) covers the period from October 23, 2001 up to and including February 15, 2002. Ms. Rydberg seeks an allowance of fees in the amount of $13,625 and $739.43 as expenses. The fees sought are based on 54.4 hours for professional services rendered at the rate of $250 per hour. In the Amended Supplemental Application (Doc. No. 1517), Ms. Rydberg seeks $4,650 as fees and $402.88 as expenses. The fees sought are for 18.60 hours for professional services at the rate of $250 per hour.

Both Applications are challenged by the following Objections interposed by the following: (1) Alfred O. Bonati, M.D. (Dr. Bonati) (Doc. No. 1512); (2) Susan K. Woodward, the Chapter 11 Trustee (Doc. No. 1515); (3) joinder by the Debtor (Doc. No. 1514); certain non-debtor affiliates of the Debtor (Doc. No. 1513), including Medical Development Corporation of Pasco County, GCOC Physical Therapy Inc., and American Medical Care Inc. (collectively referred to as "Non–Debtor Corporations"); and a supplemental objection by the Non–Debtor Corporations to the Amended Supplemental Application for allowance by Ms. Rydberg.

Both Applications are based on 11 U.S.C. § 503(b)(3)(D) and (4), which provides as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title.

11 U.S.C. § 503(b)(3)(D).

Subsection (4) of Section 503(b) of the Code authorizes an allowance for professional services rendered "by an attorney or an accountant of an entity who expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services. . . ."

*Trustee's "Limited Objection" to the Applications*

The Chapter 11 Trustee, in her objection, points out that this Court previously allowed fees and expenses to Ms. Rydberg based on "substantial contribution" pursuant to § 503(b)(3)(D) of the Code. The Trustee further points out that Ms. Rydberg, in her Applications, seeks compensation in the amount of $2,850 based on 11.4 hours at the hourly rate of $250, for pre-confirmation fees. The Trustee does not object to any additional allowance for pre-confirmation services by Ms. Rydberg if this Court is satisfied that the additional award is warranted. However, the Trustee objects to any allowance based on the 43.1 hours of services rendered post-confirmation for which she seeks $10,775.

It is the contention of the Trustee that there is no provision in the Disclosure Statement, in the Settlement Agreement, or in the confirmed Plan of Reorganization for the retention of a "coordinating counsel" for the Malpractice Claimants at the expense of the estate. According to the Trustee, the only provision in the Settlement Agreement, which provides anything, is paragraph 15 which states that all administrative expenses incurred by the Trustee after confirmation shall be paid from the estate and this is only provision that deals with post-confirmation administrative expenses.

*Dr. Bonati's Objection to the Applications*

The Objection interposed by Dr. Bonati, the principal of the Debtor, is based on the contention that Section 503(b)(3)(D) of the Code forms no basis for any addition allowance. In support of this proposition, Dr. Bonati points out that the basis for the allowance of post-confirmation services was assisting the Malpractice Claimants in coordination of claims resolution process provided for by the Settlement Agreement. Additionally, Dr. Bonati asserts that all of Ms. Rydberg's efforts have focused on the Malpractice Claimants, her clients, and none of the services rendered after the Settlement Agreement and after the entry of the Order of Confirmation were "necessary." Lastly, Dr. Bonati points out that neither the Settlement Agreement nor the Plan provides for payments with respect to post-confirmation matters.

*Non–Debtor Corporations' Objection and Supplemental Objection*

This Objection is filed by the Non–Debtor Corporations, all of whom are related corporations of the Debtor. These objectors contend that Ms. Rydberg already received a "huge payment" for her

pre-confirmation services; that with the exception of 2.2 hours, all other time spent were for post-confirmation fees. In addition, these objectors contend that in addition to the position already articulated by the other objectors, there is nothing in the confirmed Plan or in the Order on confirmation, which supports her claim for an additional allowance. On the contrary, according to the objectors, the Order of confirmation provides retention of jurisdiction of "all applications for allowance of compensation and reimbursement of out-of-pocket expenses of professionals retained in the Debtor's case by Order of the Court to the extent that such compensation and out-of-pocket expenses relate to services performed before the confirmation date." Article X of the Plan.

The Plan further provides, according to the objectors, that "nothing contained herein shall be construed to constitute the assertion or exercise by this Court of jurisdiction over the Malpractice Claims Resolution process." Article XI of the Plan. According to the objectors, it is without dispute that Ms. Rydberg was not retained by the Court for post-confirmation services related to the claims resolution and thus, she is not entitled to any further allowances.

*Debtor's Objection presented as a "Joinder" in the Objection of Dr. Bonati and the Non–Debtor Corporations*

The Objection of the Debtor merely contends that there is no basis in law or in fact either under the Code or under the Settlement Agreement for the allowance of Ms. Rydberg's fees and expenses post-confirmation. In addition, the Debtor contends that under the terms of the confirmed Plan, there is a real possibility that funds will remain and be available to be returned to the Debtor after the resolutions of all malpractice claims. Thus, the Debtor, Dr. Bonati and the Non–Debtor Corporations have a direct pecuniary interest in the manner in which estate funds are used. The Debtor adopted all allegations and objections interposed by Dr. Bonati and the Non–Debtor Corporations.

*Ms. Rydberg's Memorandum treated as a Response to the Objections*

Ms. Rydberg in her Memorandum raises the following points in support of the Applications:

(1) *Post-confirmation Fees are Awardable.* In support of this proposition she cites *In re Canton Jubilee, Inc.,* 253 B.R. 770 (Bankr.E.D.Tex.2000) and the case cited in *Canton, Cunningham v. Healthco Inc.,* 824 F.2d 1448 (5th Cir.1987). Ms. Rydberg also cites in support of the Applications, *In re Jelinek,* 153 B.R. 279 (Bankr.D.N.D.1993) and *In the Matter of Davison,* 79 B.R. 866 (Bankr. W.D.Mo.1987).

(2) *The Plan and Related Documents contemplate payment of post-confirmation expenses.* In support of this proposition, Ms. Rydberg contends that paragraph 15 of the Settlement Agreement specifically provides that all "post-confirmation fees" will be paid by the Trustee in full and in cash. This paragraph specifies the type of post-confirmation fees, which will be paid, but according to Ms. Rydberg this list is not exhaustive and the Settlement Agreement contemplated that fees will be paid the "other fees and costs incurred after confirmation of the plan."

(3) *The Objections of the Bonati group and the Trustee lack merit.* In support of this proposition, Ms. Rydberg contends that both the Bonati group and the Trustee recognize that post-confirmation administrative expenses will be paid.

The balance of Ms. Rydberg's Response to the Objections are based on the following: (a) post-confirmation events confirm the Malpractice Claimants' need for the services of bankruptcy counsel; (b) the allowance is not precluded by paragraph 19 of the Arbitration Plan, neither does paragraph 20 preclude a fee award; (c) the Bonati group is estopped to object to the Applications; and (d) Ms. Rydberg's substantial contribution post-confirmation is substantially similar to her pre-confirmation contribution.

■ The burden of proof is on the applicant to establish his/her entitlement to an award under 11 U.S.C. § 503(b), and he/she must demonstrate by a preponderance of the evidence that a substantial contribution was made. *In re Buttes Gas & Oil Co.*, 112 B.R. 191, 193 (Bankr. S.D.Tex.1989). The burden of production then shifts to the objector after the applicant has presented a prima facie case.

■ There is no definition of substantial contribution in the Code; however, the phrase is derived from the 1898 Bankruptcy Act, §§ 242 and 243, and has been interpreted to require a contribution, which provides tangible benefits to the bankruptcy estate and the other unsecured creditors. An incidental benefit to the estate standing alone is not a sufficient basis or administrative status under § 503(b)(3)(D). *Buttes Gas, supra* at 194. The factors that bankruptcy courts often consider when determining whether or not a substantial contribution has been made are the following: (1) whether the services were rendered solely to benefit the client or to benefit all the parties to the case; (2) whether the services provided a direct, significant, and demonstrable benefit to the estate; and (3) whether the services were duplicative of services rendered by attorneys for the committee, the committees themselves, or the debtor and its attorneys. *In re General Oil Distributors, Inc.*, 51 B.R. 794 (Bankr.E.D.N.Y.1985). The applicant must prove that expenses resulted in a significant and tangible benefit to the estate. *In the Matter of D'Lites of America, Inc.*, 108 B.R. 352 (Bankr. N.D.Ga.1989).

■ If an attorney renders services not only on behalf of his or her client's interests, but he or she also confers a significant and demonstrable benefit upon the creditors of the estate, the expenses incurred should be compensated. *In re McLean Industries, Inc.*, 88 B.R. 36 (Bankr. S.D.N.Y.1988); *In re Romano*, 52 B.R. 590 (Bankr.M.D.Fla.1985).

■ Because administrative expenses of the estate are to be kept to a minimum, it is well settled that the statutory provisions are to be narrowly construed and recovery is subject to strict scrutiny by the court. *In re U.S. Lines, Inc.*, 103 B.R. 427 (Bankr.S.D.N.Y.1989). Therefore, services that benefit primarily the client as distinguished from the entire creditor's body does not equate to a substantial contribution even if the services conferred incidental benefit. *U.S. Lines, supra* at 430. There must be more than a passing benefit.

It is without dispute that bankruptcy courts have held that post-confirmation services are allowable as administrative expenses. *See In re Sultan Corp.*, 81 B.R. 599 (9th Cir. BAP 1987). In that case, the narrow issue was whether attorney's fees for post-confirmation legal services performed for the debtor's estate are compensable as administrative expenses under Section 503(b)(2) of the Code. The court determined that the fees were performed in aid of the consummation of the Chapter 11 plan and pursuant to the plan's directives, and therefore were allowable.

*Sultan, supra* at 602. *See also In re Canton Jubilee, Inc., supra.*

Applying the foregoing legal principles to the controlling facts of this case, the ultimate question is whether or not Ms. Rydberg's services were in fact in aid of the consummation of the confirmed Plan of reorganization. This is not an orthodox reorganization in the sense that it is a pot plan nor is this a liquidation case. Instead, the bulk of the Plan consists of contributions by the principal of the debtor, Dr. Bonati due to the peculiar nature of the Debtor's operation of a large medical facility. The Debtor is a large orthopedic clinic operated by Dr. Bonati and several other non-debtor facilities, including the Non–Debtor Corporations.

The genesis of this chapter 11 case was the tremendous amount of large mal-practice claims against Dr. Bonati, individually and the Debtor. The claims of the Malpractice Claimants, represented by Ms. Rydberg are, except for in rare cases, unliquidated. Clearly, from the beginning of this case, unless there was a resolution of the mal-practice claims, the case could not reorganize.

█ The crucial documents that resolved this controversy are the following: Settlement Agreement, Disclosure Statement, Plan, and Order conforming the Plan. This Court is satisfied that the documents and existing case law, clearly allow this Court to entertain post-confirmation fee applications for allowance of fees and expenses. In light of the foregoing, this Court must review the Applications to determine whether or not a "substantial contribution" has been made.

█ The claims resolution process is solely and uniquely the duty and responsibility of the Trustee. *See* Section 704(5) of the Code. Ms. Rydberg was not appointed by this Court to participate in the claims resolution process and the services performed by her were for the protection of her clients solely and not as a benefit to the estate. Based on the foregoing, this Court finds that Ms. Rydberg is entitled to the sum of $2,850 and expenses in the amount of $25 for a total of $2,875, representing additional compensation for services rendered pre-confirmation.

Finally, it should be noted that this Court on April 29, 2002, conducted a hearing to consider "Motion to Allow Creditors to Pursue Additional Insurance Coverage and to Join Lubell Litigation by 'Malpractice Claimants,' " filed by the Malpractice Claimants. Although the docket reflects that no Order has been entered regarding the Motion, this Court orally granted the same at the hearing. Be as it may, this Court granted the Motion but "only to the limited extent of permitting pursuit of additional insurance proceeds." To the extent that the Malpractice Claimants and/or Ms. Rydberg are successful in that pursuit and recovery of property, nothing in this Order precludes Ms. Rydberg from seeking fees based upon a "substantial contribution" theory at that time. However, as the record stands today, it is devoid of any "substantial contribution" for regarding that issue.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Applications (Doc. Nos. 1498 and 1517), be and the same are hereby, approved in part. Ms. Rydberg is hereby awarded the sum of $2,875, pursuant to 11 U.S.C. § 503(b)(3)(D) which shall be paid as a Chapter 11 administrative expense claim. It is further

ORDERED, ADJUDGED AND DE-CREED that the Objections interposed by the various parties be, and the same are

hereby, sustained in part and overruled in part.